**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHRISTIAN MYERS** | * | |
| | * | |
| **Plaintiff,** | * | **Civil Action No.** |
| | * | |
| **VERSUS** | * | **District Judge:** |
| | * | |
| **WAFFLE HOUSE, INC. d/b/a WAFFLE HOUSE NO. 765** | * | **Magistrate Judge:** |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Waffle House, Inc. ("Waffle House"), through undersigned counsel, and pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, hereby removes the matter entitled *Christian Myers vs Waffle House, Inc. d/b/a Waffle House No. 765*, Docket No. 20260003880, Division D, pending in 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and respectfully represents that:

## I. PLEADINGS AND PROCESS

1. Christian Myers ("Plaintiff" or "Mr. Myers") commenced the captioned action by filing a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, on October 13, 2026.

2. Plaintiff named as defendant in the Petition Waffle House, Inc. d/b/a Waffle House No. 765 and alleged claims based on allegedly consuming contaminated food. Pursuant to

28 U.S.C. §1446(a), copies of all pleadings, process and orders that have been served on Waffle House are attached as Exhibit "A."[1]

3. Service of process was initiated on Waffle House through its agent for service of process, the Louisiana Secretary of State. Service was made through the agent for service on October 23, 2026.[2]

4. Because the 21st Judicial District Court for the Parish of Tangipahoa is located within the Eastern District of Louisiana, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. §§ 98(c), 1441, and 1446.

5. Waffle House is timely filing this removal pursuant to 28 U.S.C. § 1446(B), which provides: "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." As indicated supra, Waffle House was served with the Petition for Damages on October 23, 2026.[3] Thus, removal is timely.

6. Pursuant to 28 U.S.C. § 1446(a), Waffle House has attached all process, pleadings, and orders filed and served upon them in the State Court Action as "Exhibit A" to this Notice of Removal.[4]

## II. <u>DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332</u>

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

---

[1] **<u>Exhibit A</u>** – Certified Copy of Petition for Damages.
[2] **<u>Exhibit B</u>** – Service of Process.
[3] *Id.*
[4] **<u>Exhibit A</u>**- Certified Copy of Petition for Damages.

**a. Diversity of Citizenship**

8. There is complete diversity of citizenship between Plaintiff, on the one hand, and Waffle House on the other. Plaintiff is a Louisiana domiciliary and citizen per the assertions in his Petition.[5] In particular, Plaintiff asserts in his Petition that he is "…being of the full age of majority and resident of the State of Louisiana…"[6]

9. Plaintiff asserts that Waffle House is "…a foreign corporation authorized to do and doing business in the State of Louisiana."[7] In fact, Waffle House is a foreign corporation incorporated under the laws of Georgia and having its principal place of business in Norcross, Georgia.[8] Thus, Waffle House is diverse from Plaintiff.

**b. Amount in Controversy**

10. Although Waffle House denies liability, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs.

11. Plaintiff alleges that "[f]ollowing the incident, [he] developed abdominal pain and passed blood in his stool, prompting him to seek emergency medical evaluation and treatment."[9] Indeed, Waffle House was informed pre-suit that Plaintiff's medical specials at that time totaled $11,921.21 (following his emergency medical treatment).[10] He further alleges general and specific damages, including judicial interests and costs, for: 1) past, present, and future physical pain and suffering; 2) past, present, and future mental anguish and emotional pain; 3) past, present, and future medical expenses; 4) past and future lost wages; 5) diminished

[5] *See* **Exhibit A** – Certified Copy of Petition for Damages.
[6] *Id.*
[7] *Id.*
[8] **Exhibit C** – Declaration of Waffle House, Inc.
[9] **Exhibit A** – Certified Copy of Petition for Damages, pg. 2, ¶ III.
[10] **Exhibit D (*in globo*)** – Pre-Suit Settlement Materials.

or reduced earning capacity; 6) loss of the enjoyment of life (hedonic damages); and 7) other injuries and damages which a general quantum amount for which is hereby claimed."[11]

12. As there has been no appearance made in this matter and no discovery conducted, based on the nature and scope of Plaintiff's claims, it is apparent from the face of the Petition that the amount in controversy exceeds $75,000, exclusive of interests and costs.

13. Additionally, when the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[12]

14. "The removing party can satisfy this burden in two ways: (1) it must establish that it is 'facially apparent' from the complaint that the claims likely exceeds $75,000, or (2) it must present 'summary judgment-type' evidence through the removal petition or accompanying affidavit, showing the amount in controversy is met."[13]

15. Courts have held that a defendant's conclusory damage allegations are not necessarily sufficient to establish whether the requisite amount is present.[14] Rather, "summary judgment" type evidence can be required.

16. Plaintiff did not, per Article 893(A)(1), expressly plead whether the amount of money damages sought exceeds or is less than the requisite amount.

---

[11] **Exhibit A** – Certified Copy of Petition for Damages, pg. 2-3, ¶ VIII.
[12] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[13] *Lafayette City-Parish Consol Gov't v. Chain Elec. Co.*, 2011 U.S. Dist. LEXIS 110182, "17 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); and *Allen, supra*, 63 F.3d at 1335 (5th Cir. 1995)).
[14] See, *De Aguilar II*, 47 F.3d 1404, 1412 (5th Cir. 1995).

17. However, prior to the subject lawsuit being filed, Plaintiff's mother, Summer Montgomery, submitted a fully executed written authorization to act on Plaintiff's behalf in pre-suit settlement discussions with the Claims Department at Waffle House.[15] Summer Montgomery submitted a settlement demand of $80,000.00 prior to suit being filed on July 7, 2026.[16] Waffle House then rejected the settlement demand.[17] In turn, counsel for Plaintiff filed the instant lawsuit.

18. For these reasons, Waffle House submits that the amount in controversy reasonably exceeds $75,000 and this Court is vested with subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL PROCEDURE

19. A copy of this Notice of Removal is being served upon Plaintiff.

20. A copy of the Notice to the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, which is being filed in that Court concurrently with the filing of this Notice in this Court, is attached as Exhibit "F."

21. Waffle House is the only defendant who has been served with The State Court Action. Accordingly, "all Defendants properly joined and served" have consented in the removal of this action in compliance with the requirements of 28 U.S.C. § 1446(b)(2).

22. Waffle House will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

---

[15] **Exhibit E** – Written Authorization of Summer Montgomery.
[16] **Exhibit D (*in globo*)** – Pre-Suit Settlement Materials.
[17] *Id.*

23. Waffle House reserves and maintain their rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

21. Waffle House attaches as Exhibit "G" a complete copy of the State Court Record.

**WHEREFORE**, Defendant, Waffle House, Inc., hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Megan A. Haynes*

DONALD E. MCKAY, JR., #14207, T.A.
MEGAN A. HAYNES, #37158, T.A.
NICHOLAS P. ISOLANI, #40831
Leake Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
Email: dmckay@leakeandersson.com
mhaynes@leakeandersson.com
nisolani@leakeandersson.com
***Counsel for Waffle House, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, or by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by hand delivery, or by e-mail or by facsimile transmission, on November 18, 2026.

*/s/ Megan A. Haynes*